1  **LEWIS BRISBOIS BISGAARD & SMITH LLP**
STEPHEN C. UBL, SB# 251849
2    E-Mail: Stephen.Ubl@lewisbrisbois.com
333 Bush Street, Suite 1100
3  San Francisco, California 94104-2872
Telephone: 415.362.2580
4  Facsimile: 415.434.0882

5  Attorneys for Defendant
CRISIS PREVENTIONS INSTITUTE, INC.
6

7                    UNITED STATES DISTRICT COURT

8         NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

9

10  MARISSA NYPL and VLADIMIR NYPL,          CASE NO.

11              Plaintiffs,                  **DEFENDANT CRISIS PREVENTION
                                             INSTITUTE INC.'S NOTICE OF**
12          vs.                              **REMOVAL OF ACTION**

13  CRISIS PREVENTION INSTITUTE, and         **[28 U.S.C. §§ 1332, 1441, AND 1446]**
DOES 1 through 10, Inclusive,
14                                           **JURY TRIAL DEMANDED**
              Defendants.
15                                           Trial Date:      None Set

16

17     **TO THE CLERK OF THE ABOVE-ENTITLED COURT**:

18       **PLEASE TAKE NOTICE** that Defendant CRISIS PREVENTIONS INSTITUTE, INC.

19  (erroneously named as "CRISIS PREVENTION INSTITUTE") (hereinafter referred to as "CPI"),

20  by and through its counsel of record, hereby removes the above-captioned action from the

21  Superior Court of the State of California, in and for the County of San Mateo, to the United States

22  District Court, Northern District of California, for the reasons described below:

23                    <u>JURISDICTION AND VENUE</u>

24       1.    This Court has subject matter jurisdiction of this action under 28 U.S.C. §1332, and

25  is one which may be removed to this Court by CPI pursuant to the provisions of 28 U.S.C.

26  §1441(b) in that it is a civil action between citizens or subjects of a foreign state and a citizen of a

27  different state, and the amount in controversy as alleged in the complaint exceeds the sum of

28  $75,000, exclusive of interest and costs.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

2.    Venue is proper in the Northern District of California  pursuant to 28 U.S.C. §§ 1391(b) and (c), because Plaintiffs are subject to personal jurisdiction in this judicial district and a substantial part of the events giving rise to this lawsuit occurred in this division of the Northern District of California.

## GROUNDS FOR REMOVAL

3.    On May 6, 2016, Plaintiffs MARISSA NYPL and VLADIMIR NYPL (hereinafter collectively referred to as "Plaintiffs"), by and through their attorney Joseph A. Welch, Esq. of the Law Offices of Joseph A. Welch, commenced a civil action in the Superior Court of the State of California in and for the County of San Mateo against CPI, entitled *Marissa Nypl and Vladimir Nypl v. Crisis Prevention Institute and DOES 1 through 10,* San Mateo County Superior Court Case No. CIV538554. A true and correct copy of the Complaint is attached as **Exhibit A**.

4.    Service of summons and complaint of the above-referenced state-court action was effected upon CPI's agent for service of process on July 28, 2016.  Thus, the time limit for removal set forth in 28 U.S.C. §1446(b) has been satisfied. A true and correct copy of the Summons and Complaint is attached as **Exhibit A**.

5.    Plaintiffs' Complaint does not make any allegation regarding Marissa Nypl or Vladimir Nypl's domicile. Both at the time that this action was commenced and at this time, Plaintiffs were and are believed to be citizens of California. Plaintiff Marissa Nypl alleges that she was employed by Butte County Behavioral Health in Butte County, California and Vladimir Nypl is her spouse. For purposes of determining jurisdiction, allegations regarding citizenship may be made on information and belief. See *Carolina Cas. Ins. Co. v. Team Equip., Inc*. (9th Cir. 2014) 741 F.3d 1082, 1087-1088.

6.    CPI is the only named Defendant in the civil action described above. Both at the time that this action was commenced and at this time, CPI was and is incorporated in the State of Wisconsin and has its principal place of business in State of Wisconsin.

7.    Based on the above, this Court therefore has original jurisdiction of this action under 28 U.S.C. §1332 because CPI is a citizen or subject of State of Wisconsin and Plaintiffs are citizens of the State of California.

1    8.    Plaintiffs' Complaint alleges that they are entitled to recover a jury verdict in an

2  undetermined amount, but includes prayers for damages as follows: Plaintiff Marissa Nypl prays

3  for damages including general damages in excess of the minimum jurisdictional limits of the

4  Court, special damages, medical and incidental expenses, loss of earnings, property damage and

5  loss of use, attorney's fees, prejudgment interest and costs; Plaintiff Vladimir Nypl separately

6  prays for damages including general damages in excess of the minimum jurisdictional limits of

7  this court, special damages, incidental expenses, attorney's fees, prejudgment interest and costs.

8  Thus, CPI believes in good faith that the amount in controversy substantially exceeds $75,000, as

9  required for removal pursuant to 49 U.S.C. §11706.

10    9.    WHEREFORE, the undersigned requests that the action described above be

11  removed in its entirety to this Court for all further proceedings pursuant to 28 U.S.C. § 1441, *et*

12  *seq.*

13    ## VENUE

14    10.    Plaintiffs allege in their Complaint that Plaintiff Marissa Nypl was injured during a

15  training course located in South San Francisco, San Mateo County. Thus, venue is proper in the

16  Northern District of California pursuant to 28 U.S.C. § 1390(c) because the original state court

17  case was properly venued in Superior Court of the State of California, in and for the County of

18  San Mateo.

19    ## INTRA-DISTRICT ASSIGNMENT

20    11.    Plaintiffs allege in their Complaint that Plaintiff Marissa Nypl was injured during a

21  training course located in South San Francisco, San Mateo County. Thus, venue in the San

22  Francisco Division of the District Court is proper under Civil L.R. 3-2(c) and (e) because the

23  events giving rise to Plaintiffs' purported injury are alleged to have occurred in San Mateo

24  County, California.

25  / / /

26  / / /

27  / / /

28  / / /

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4813-1555-9479.1                      3
DEFENDANT CRISIS PREVENTION INSTITUTE INC.'S NOTICE OF REMOVAL OF ACTION

1

## DEMAND FOR JURY TRIAL

2        12.    CPI demands a jury trial of 12 jurors pursuant to FRCP Rule 48.

3

4    DATED: August 29, 2016              LEWIS BRISBOIS BISGAARD & SMITH LLP

5

6                                        By:  *Stephen C. Ubl*

7                                             Stephen C. Ubl
                                             Attorneys for Defendant CRISIS PREVENTION
8                                             INSTITUTE, INC.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4813-1555-9479.1                          4
DEFENDANT CRISIS PREVENTION INSTITUTE INC.'S NOTICE OF REMOVAL OF ACTION

# Exhibit A

NOTICE OF REMOVAL OF ACTION

 CT Corporation

**Service of Process Transmittal**
07/28/2016
CT Log Number 529578699

TO: Nick Tendler
Crisis Prevention Institute, Inc.
10850 W Park Pl Ste 600
Milwaukee, WI 53224-3640

RE: **Process Served In Wisconsin**

FOR: Crisis Prevention Institute, Inc. (Domestic State: WI)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | MARISSA NYPL and VLADIMIR NYPL, Pltfs. vs. Crisis Prevention Institute, et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Notice, Attachment(s) |
| **COURT/AGENCY:** | San Mateo County Superior Court, CA<br>Case # CIV538554 |
| **NATURE OF ACTION:** | Employee Litigation - Personal Injury - 05/29/2014 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Madison, WI |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 07/28/2016 at 12:00 |
| **JURISDICTION SERVED :** | Wisconsin |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service |
| **ATTORNEY(S) / SENDER(S):** | JOSEPH A. WELCH<br>LAW OFFICE OF JOSEPH A. WELCH<br>828 University Avenue<br>Sacramento, CA 95825<br>916-444-5501 |
| **REMARKS:** | Please note the process server underlined, circled, initialed and/or highlighted the entity name served prior to receipt by CT. |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via Fed Ex 2 Day , 783690589086 |
| | Email Notification, Peter Klein  pklein@brockwaymoran.com |
| | Email Notification, Nick Tendler  ntendler@crisisprevention.com |
| **SIGNED:** | C T Corporation System |
| **ADDRESS:** | 8020 Excelsior Dr Ste 200<br>Madison, WI 53717-1998 |
| **TELEPHONE:** | 608-833-4821 |

Page 1 of 1 / CB

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

JOSEPH A. WELCH, ESQ. – SBN 119312
LAW OFFICES OF JOSEPH A. WELCH
828 University Avenue
Sacramento, California 95825
Telephone: (916) 444-5501
Facsimile: (916) 920-5505

Attorneys for Plaintiff MARISSA NYPL and VLADIMIR NYPL

SUPERIOR COURT OF CALIFORNIA

COUNTY OF SAN MATEO

MARISSA NYPL and VLADIMIR NYPL,          )     Case No.: CIV538554
                                         )
                    Plaintiffs,          )     **NOTICE OF POSTING JURY FEES**
                                         )
            vs.                          )
                                         )
CRISIS PREVENTION INSTITUTE, and         )
DOES 1 through 10, inclusive,            )
                                         )
                  · Defendants.          )
                                         )
                                         )

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Plaintiffs MARISSA NYPL and VLADIMIR NYPL hereby posts jury fees for case

number CIV538554.

DATED: July 21, 2016

By _____
JOSEPH A. WELCH, ESQ.
Attorney for Plaintiffs

- 1 -

RELIABLE PROCESS SERVICE LLC
Served: _____ 11-28 _____ , 20 16
Time: _____ 12:00 pm _____
Place: 3020 Excelsior Blvd STE 200
Manner:   ( ) Personal Service
          ( ) Substituted Service
          (X) Service on Corporation
          ( ) Post mail
Person Served: Crisis Prevention Institute
Process Server: _____

SUM-100

# SUMMONS
## (CITACIÓN JUDICIAL)

**NOTICE TO DEFENDANT:**
**(AVISO AL DEMANDADO):**
CRISIS PREVENTION INSTITUTE, and DOES 1 through 10, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**
MARISSA NYPL and VLADIMIR NYPL

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**ENDORSED FILED**
SAN MATEO COUNTY

MAY – 6 2016

Clerk of the Superior Court
By NIMA MOKHTABAHI
DEPUTY CLERK

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. **AVISO:** Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

| | |
|---|---|
| The name and address of the court is: | CASE NUMBER: (Número del Caso): **CIV538554** |
| (El nombre y dirección de la corte es): | |

Superior Court of San Mateo County
400 County Center, Redwood City, CA 94063

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
Joseph A. Welch, Esq. (SBN 119312), 828 University Avenue, Sacramento, CA 95825, (916) 444-5501

BY FAX

| | | |
|---|---|---|
| DATE: (Fecha) MAY – 6 2016 | Clerk, by (Secretario) RODINA M. CATALAN / NIMA MOKHTABAHI | , Deputy (Adjunto) |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☐ on behalf of (specify):

under: ☐ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)

☐ other (specify):
4. ☐ by personal delivery on (date):

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

JOSEPH A. WELCH, ESQ. – SBN 119312
LAW OFFICES OF JOSEPH A. WELCH
828 University Avenue
Sacramento, California 95825
Telephone: (916) 444-5501
Facsimile: (916) 920-5505

**ENDORSED FILED**
SAN MATEO COUNTY

MAY – 6 2016

Clerk of the Superior Court
By _RIMA MOKHTABANI_
DEPUTY CLERK

Attorney for Plaintiffs, MARISSA NYPL and VLADIMIR NYPL

IN THE SUPERIOR COURT OF CALIFORNIA

FOR THE COUNTY OF SAN MATEO

UNLIMITED JURISDICTION

| | |
|---|---|
| MARISSA NYPL and VLADIMIR NYPL,<br><br>Plaintiffs,<br><br>vs.<br><br>CRISIS PREVENTION INSTITUTE, and DOES 1 through 10, Inclusive,<br><br>Defendants. | Case No.: C I V 5 3 8 5 5 4<br><br>COMPLAINT FOR DAMAGES<br>(Negligence, Loss of Consortium)<br><br>[Amount exceeds $25,000.00]<br><br>BY FAX |

Plaintiffs, MARISSA NYPL and VLADIMIR NYPL complain of Defendants, CRISIS

PREVENTION INSTITUTE and DOES 1 through 10, and each of them, as follows:

### GENERAL ALLEGATIONS

**I.**

That the true names and capacities, whether individual, corporate, associate, or otherwise,

of Defendants DOES 1 through 10, and each of them are unknown to Plaintiffs, who therefore sue

said Defendants by such fictitious names, and Plaintiffs will amend this Complaint to show their

true names and capacities when the same has been ascertained. Plaintiffs are informed and believe

and thereon allege that each of the Defendants, DOES 1 through 10, and each of them, are

- 1 -

1   responsible in some manner negligently, in warranty, or strictly, or otherwise, for the events and

2   happenings herein referred to and thereby caused injuries and damages to Plaintiffs as herein

3   alleged.

II.

5   That at all times herein mentioned, the events complained of herein occurred within the

6   County of San Mateo, and the amount in controversy is in excess of the minimum jurisdictional

7   limits of this Court.

8   **FIRST CAUSE OF ACTION**

9   (NEGLIGENCE)

10   III.

11   Plaintiffs, MARISSA NYPL and VLADIMIR NYPL, incorporate by reference Paragraphs

12   I and II, inclusive, as though set forth in full herein.

13   IV.

14   That Plaintiffs MARISSA NYPL and VLADIMIR NYPL, are informed and believe and

15   thereon allege that, at all times herein mentioned, Defendants, CRISIS PREVENTION

16   INSTITUTE, and DOES 1 through 10, and each of them, were hired by Plaintiff MARISSA

17   NYPL's employer, Butte County Behavioral Health for training.

18   V.

19   That Plaintiffs MARISSA NYPL and VLADIMIR NYPL, are informed and believe and

20   thereon allege that at all times herein mentioned, Defendants, DOES 1 through 10, and each of

21   them were acting within the course and scope of employment by Defendant, CRISIS

22   PREVENTION INSTITUTE and DOES 1 through 10, and each of them.

23   VI.

24   That on or about May 29, 2014, Plaintiff, MARISSA NYPL, was attending a work-related

25   hands on training course at the Hilton Garden Inn located at 670 Gateway Blvd., South San

26   Francisco in San Mateo County, in the state of California.

27   ///

28   ///

- 2 -

**VII.**

That at the time and place aforementioned above, Defendants, CRISIS PREVENTION INSTITUTE, and DOES 1 through 10, and each of them, were conducting a work-related hands on training course to employees of Butte County Behavioral Health in San Mateo County, in the state of California.

**VIII.**

That on or about May 29, 2014, at the above-described location, Defendant CRISIS PREVENTION INSTITUTE and DOES 1 through 10, and each of them, conducted a training exercise known as "team transport", wherein a third person, pretending to be an agitated mental patient, was placed between two mental health workers with interlocked arms and transported away. During the exercise described above, Plaintiff MARISSA NYPL was one of the two mental health care workers with interlocked arms when an unidentified Defendant instructor, employed by Defendant CRISIS PREVENTION INSTITUTE and DOES 1 through 10, and each of them, began pushing the third party, who was between Plaintiff MARISSA NYPL and the other mental health care worker, with such force and violence as to cause Plaintiff MARISSA NYPL to run into a wall, injuring her right arm and shoulder.

**IX.**

That at said time and place, Defendants, and each of them, so negligently entrusted, managed, maintained, operated and designed said training course held in San Mateo County, State of California, so as to cause the unidentified Defendant instructor, employed by Defendant CRISIS PREVENTION INSTITUTE and DOES 1 through 10, and each of them to cause injuries and damages to Plaintiff MARISSA NYPL.

**X.**

As a result of the said negligence of Defendants, and each of them, Plaintiff, MARISSA NYPL, was hurt and injured in Plaintiff's health, strength and activity, causing injuries to Plaintiff's body and shock and injury to Plaintiff's nervous systems and persons, all of which said injuries have caused and continue to cause Plaintiff great mental, physical, and nervous suffering. Plaintiff, MARISSA NYPL, is informed and believes and thereon alleges that said injuries would

- 3 -

1  result in some permanent disabilities to Plaintiff, and each of them, all to Plaintiff's general
2  damages not to exceed the jurisdictional limits of this Court. Plaintiffs, and each of them, are
3  entitled to prejudgment interest on that amount in accordance with Civil Code section 3291.

XI.

5  As a further result of said negligence of Defendants, and each of them, Plaintiff,
6  MARISSA NYPL, was required to and did incur medical and incidental expenses. The exact
7  amount of such expenses are unknown to Plaintiff, and each of them, at this time, and Plaintiff will
8  ask leave to amend the pleading to set forth the exact amount herein when the same are ascertained
9  by Plaintiffs. Plaintiff is entitled to prejudgment interest on that amount in accordance with Civil
10  Code section 3291.

XII.

12  As a further result of the said negligence of Defendants, and each of them, Plaintiff,
13  MARISSA NYPL, is prevented from attending Plaintiff's usual occupation and are informed and
14  believe and thereon allege that Plaintiff will thereby be prevented from attending said usual
15  occupation for a period of time in the future. Plaintiff, and each of them, is entitled to prejudgment
16  interest on that amount in accordance with Civil Code of Procedure section 3291.

**SECOND CAUSE OF ACTION**

**(LOSS OF CONSORTIUM)**

**(VLADIMIR NYPL)**

XIII.

21  Plaintiff, VLADIMIR NYPL, incorporates by reference Paragraphs I through XII,
22  inclusive, as though set forth in full herein.

XIV.

24  As alleged above, Plaintiff, VLADIMIR NYPL's spouse, MARISSA NYPL, was able to
25  and did perform her duties as a spouse. Subsequent to the injuries and the proximate result
26  thereof, Plaintiff, VLADIMIR NYPL's spouse has been unable to perform the necessary duties as
27  a spouse in that she no longer can perform the work and services usually performed by her in the
28  care, maintenance and management of the family home. Plaintiff, VLADIMIR NYPL's spouse

- 4 -

1  will be unable to perform such work, services, and duties in the future. By reason thereof,

2  Plaintiff, VLADIMIR NYPL, has been deprived and will be deprived of the consortium of his

3  spouse, MARISSA NYPLE, including the performance of her necessary duties, all to Plaintiff,

4  VLADIMIR NYPL's damage.

5       WHEREFORE, Plaintiffs, MARISSA NYPL and VLADIMIR NYPL pray for judgment

6  against Defendants, and each of them, as follows:

7  **FIRST CAUSE OF ACTION**

8       1.  For general damages in excess of the minimum jurisdictional limits of this

9  Court;

10       2.  For all medical and incidental expenses according to proof;

11       3.  For all loss of earnings according to proof;

12       4.  For property damage and loss of use, according to proof;

13       5.  For attorney's fees;

14       6.  Pre-judgment interest on all general and special damages;

15       7.  All costs of suit; and

16       8.  For such other and further relief as this Court may deem just and proper.

17

18  **SECOND CAUSE OF ACTION**

19       1.  For general damages in excess of the minimum jurisdictional limits of this

20  Court;

21       2.  For all incidental expenses according to proof;

22       3.  For attorney's fees;

23       4.  Pre-judgment interest on all general and special damages;

24       5.  All costs of suit; and

25       6.  For such other and further relief as this Court may deem just and proper.

26  DATED: May 5, 2016            By

27                 JOSEPH A. WELCH, ESQ.
               Attorney for Plaintiffs, MARISSA NYPL

28                 and VLADIMIR NYPL

Complaint for Damages (Negligence, Loss of Consortium)

## NOTICE OF CASE MANAGEMENT CONFERENCE

MARISSA NYPL AND VLADIMIR NYPL

Case No: _____  CIV 5.38554

vs.

CRISIS PREVENTION INSTITUTE

Date: 7/22/16

Time 9:00 a.m.

**ENDORSED FILED**
**SAN MATEO COUNTY**

MAY - 6 2016

Clerk of the Superior Court
By NIMA MOKHTABANI
DEPUTY CLERK

Dept. _____ —on Tuesday & Thursday

Dept. 21 —on Wednesday & Friday

You are hereby given notice of your Case Management Conference. The date, time and department have been written above.

1. In accordance with applicable California Rules of the Court and local Rules 2.3(d)1-4 and 2.3(m), you are hereby ordered to:

   a) Serve all named defendants and file proofs of service on those defendants with the court within 60-days of filing the complaint (CRC 201.7).

   b) Serve a copy of this notice, Case Management Statement and ADR Information Sheet on all named parties in this action.

   c) File and serve a completed Case Management Statement at least 15-days before the Case Management Conference [CRC 212(g)]. Failure to do so may result in monetary sanctions.

   d) Meet and confer, in person or by telephone, to consider each of the issues identified in CRC 212(f) no later than 30-days before the date set for the Case Management Conference.

2. If you fail to follow the orders above, you are ordered to show cause why you should not be sanctioned. The Order to Show Cause hearing will be at the same time as the Case Management Conference hearing. Sanctions may include monetary, evidentiary or issue sanctions as well as striking pleadings and/or dismissal.

3. Continuances of Case Management Conferences are highly disfavored unless good cause is shown.

4. Parties may proceed to an appropriate dispute resolution process ("ADR") by filing a Stipulation to ADR and Proposed Order (see attached form). If plaintiff files a Stipulation to ADR and Proposed Order electing to proceed to judicial arbitration, the Case Management Conference will be taken off the court calendar and the case will be referred to the Arbitration Administrator. If plaintiffs and defendants file a completed stipulation to another ADR process (e.g., mediation) 10-days prior to the first scheduled Case Management Conference, the Case Management Conference will be continued for 90-days to allow parties time to complete their ADR session. The court will notify parties of their new Case Management Conference date.

5. If you have filed a default or a judgment has been entered, your case is not automatically taken off Case Management Conference Calendar. If "Does", "Roes," etc. are named in your complaint, they must be dismissed in order to close the case. If any party is in bankruptcy, the case is stayed only as to that named party.

6. You are further ordered to appear in person* (or through your attorney of record) at the Case Management Conference noticed above. You must be thoroughly familiar with the case and fully authorized to proceed.

7. The Case Management Judge will issue orders at the conclusion of the conference that may include:

   a) Referring parties to voluntary ADR and setting an ADR completion date;

   b) Dismissing or severing claims or parties;

   c) Setting a trial date.

8. The Case Management Judge may be the trial judge in this case.

For further information regarding case management policies and procedures, see the court's website at: www.sanmateocourt.org

*Telephonic appearances at case management conferences are available by contacting CourtCall, LLC, an independent vendor, at least five business days prior to the scheduled conference (see attached CourtCall information).



**Superior Court of California**
**County of San Mateo**
**Civil Department**
**400 County Center**
**Redwood City, CA  94063-1655**
**650-261-5100**
**www.sanmateocourt.org**

| MARISSA NYPL<br>Plaintiff(s)<br>vs.<br>CRISIS PREVENTION INSTITUTE<br>Defendant(s) | Case No.: CIV 538554<br><br>**Clerk's Notice -**<br>**Case Management Conference** |
| --- | --- |
| Title:  MARISSA NYPL VS. CRISIS PREVENTION INSTITUTE | |

**Please take notice:** On 09/22/16 at 9:00 AM in Department 21 of the above-entitled Court at the Hall of Justice and Records, 400 County Center, Redwood City, California, a case management conference will be held pursuant to San Mateo County Local Rules of Court No. 2.3.

All attorneys of record and self-represented parties are required to attend this conference.

All parties shall complete a case management statement and file it with the clerk's office in Redwood City fifteen (15) days before the conference.

Counsel or parties are also directed to comply with the time requirements for service of process and responses set forth in San Mateo County Local Rule of Court 2.3(D).  At the case management conference the Court will inquire into compliance with the local rules regarding service of process and responses and issue appropriate sanctions for failure to comply with the San Mateo County Local Rules of Court.

Date: 05/27/16
By Order of the Presiding Judge

### CLERK'S CERTIFICATE OF MAILING

I hereby certify that I am the clerk of this Court, not a party to this cause; that I served a copy of this notice on the above date, by placing a copy thereof in separate sealed envelopes addressed to the address shown by the records of this Court and by then sealing said envelopes and depositing same, with postage fully pre-paid thereon, in the United States Mail at Redwood City, California.

Date: 05/27/16

Rodina M. Catalano,
Court Executive Officer/Clerk

By: MIA M. MARLOWE
Deputy Clerk

Form: NCMC [Rev. Oct. 2014]

# ALTERNATIVE DISPUTE RESOLUTION
# IN CIVIL CASES



# Civil Appropriate Dispute Resolution (ADR) Information Sheet
## Superior Court of California, San Mateo County

*Appropriate Dispute Resolution (ADR) is a way of solving legal problems without going to trial. All types of disputes can be resolved through ADR. The Court encourages you to use some form of ADR before you proceed to trial. The most popular form of ADR is mediation. The Multi-Option ADR Project can help you choose the option that is best for your case and refer you to an experienced ADR provider.*

### What are the Advantages of Using ADR?

 *Faster* – Traditional litigation can take years to complete but ADR usually takes weeks or months.

 *Cheaper* – Parties can save on attorneys' fees and litigation costs.

 *More control & flexibility* – Parties choose the ADR process most appropriate for their case.

 *Cooperative & less stressful* – In mediation, parties cooperate to find a mutually agreeable solution to their dispute.

### What are the Disadvantages of Using ADR?

 *You may go to Court anyway* – If you can't resolve your case using ADR, you may still have to spend time and money on your lawsuit.

 *Not free* – The neutrals charge fees (except in judicial arbitration), but you may qualify for financial aid.

### Are There Different Kinds of ADR?

 *Mediation* - A neutral person (mediator) helps the parties communicate, clarify facts, identify legal issues, explore settlement options and agree on a solution that is acceptable to all sides.

 *Judicial Arbitration* – Is an informal hearing where a neutral person (arbitrator) reviews the evidence, hears arguments and makes a decision on your case. In non-binding judicial arbitration, parties have the right to reject the arbitrator's decision and proceed to trial. For more information regarding judicial arbitration, please see the attached sheet.

 *Binding Arbitration* - The parties agree ahead of time to accept the arbitrator's decision as final. Parties who choose binding arbitration give up their right to go to Court and their right to appeal the arbitrator's decision.

 *Neutral Evaluation* - A neutral person (evaluator) listens to the parties, asks them questions about their case, reviews evidence and may hear witness testimony. The evaluator helps the parties identify the most important legal issues in their case and gives them an analysis of the strengths and weaknesses of each side's case. Special neutral evaluation guidelines are available on the Court's website at www.sanmateocourt.org/adr.

 *Settlement Conference* – Although similar to mediation, the neutral (a judge) may take more control in encouraging parties to settle. Settlement conferences take place at the courthouse. All cases have a mandatory settlement conference approximately 2-3 weeks before the trial date.

Page 1 of 3

Appropriate Dispute Resolution Information Sheet

Form adapted for Mandatory Use [CA Rule of Court §3.221] Local Court Form ADR-CV-8 [Sept. 2010, Revised Jan. 2013] www.sanmateocourt.org

## How Does Voluntary Mediation/Neutral Evaluation Work in San Mateo County?

The person who files the lawsuit (the plaintiff) must include this ADR Information Sheet with the complaint when serving the defendants in the case.

All the parties in your case will meet with a judge at your first Case Management Conference (CMC), which is scheduled within 120 days of the filing of the complaint. The judge will speak to you about your voluntary ADR options, encourage you to participate in ADR and ask you to meet with Court ADR staff.

If you and the parties decide to use ADR, Local Rule 2.3(i)(3) states that you must file a *Stipulation and Order to ADR* with the Court Clerk's Office. This form lets the Court know both whom you have selected as your ADR neutral and the date of the ADR session.

You and the other parties can find your own ADR neutral for the case or use a neutral who is on the Court's ADR Panel.

   o   For a list of Court ADR neutrals and their resumes, visit the Court's website at www.sanmateocourt.org/adr. (Go to "Civil ADR Program," "Civil ADR Program Panelist List" and click on any provider's name.)

If you decide to do ADR and file a *Stipulation and Order to ADR* at least 10 days before your first CMC, the Court will postpone (continue) your first CMC for 90 days to allow the parties time to resolve the case using ADR. The Clerk's Office will send you a notice with your new CMC date.

Within 10 days of completing ADR, you and your lawyer (if you have one) must fill out either an Evaluation By Attorneys or Client Evaluation and mail or fax it to the ADR offices at: 400 County Center, Redwood City, CA 94063; (650) 599-1754 (fax).

## Do I Have to Pay to Use ADR?

Yes. You and the other parties will pay the ADR neutral directly. However, you do not have to pay the Court for either judicial arbitration or for the mandatory settlement conference that is scheduled before your trial.

If you expect to have difficulty paying the ADR provider's fee, ask the ADR Coordinator for a financial aid application. You will need to fill out this application to determine whether or not you qualify for financial assistance.

In San Mateo County, parties also can take their case to the community mediation organization, the Peninsula Conflict Resolution Center ("PCRC"), and have their case mediated by PCRC's panel of trained and experienced volunteer mediators. To learn more about programs and fees, contact PCRC's Manager of Mediation Programs at (650) 513-0330.

For more information, visit the court website at www.sanmateocourt.org/adr or contact the ADR Program: 400 County Center, Redwood City, CA 94063. Phone: (650) 599-1070, (650) 599-1073 and fax: (650) 599-1754

Appropriate Dispute Resolution Information Sheet
Form adopted for Mandatory Use [CA Rule of Court §3.221] Local Court Form ADR-CV-8 [Sept. 2010, Revised Jan. 2013] www.sanmateocourt.org

*Judicial Arbitration, one of the available Appropriate Dispute Resolution (ADR) options, differs from other options in that it is usually court-ordered, unless the parties agree to it.*

### What are the Advantages of Using Judicial Arbitration?

⊕     *Free* -Parties do not have to pay for the arbitrator's fee.

⊕     *Fast* -Parties are usually given 120 days from the date of the Case Management Conference (CMC) to have their case heard by the appointed arbitrator.

⊕     *Informal* -The hearing is conducted by an arbitrator who issues an award. (Arbitrators are usually attorneys who practice or have practiced in San Mateo County.)

### What are the Disadvantages of Using Judicial Arbitration?

⊕     The award issued by the arbitrator is not always binding (unless the parties stipulated otherwise). If any party requests a trial within 30 days of the award, the award becomes void and the case continues on to trial.

### How Does Judicial Arbitration Work in San Mateo County?

⊕     During your first CMC hearing, the judge may decide to order you to judicial arbitration, You will then receive instructions and a proposed list of arbitrators in the mail.

⊕     Parties also may agree to judicial arbitration by filing a *Stipulation and Order to ADR* form at least 10 days before the first CMC. The CMC clerk will then vacate your CMC hearing and send the case to arbitration. The parties will receive instructions and a proposed list of arbitrators in the mail.

⊕     Parties can stipulate (agree) to an arbitrator on the Court's Judicial Arbitration Panel list. Otherwise, proposed names of arbitrators will be sent to the parties.

o     For a list of arbitrators, their resumes, and other information, visit the Court's website at www.sanmateocourt.org/adr. (Go to "Judicial Arbitration Program," "Judicial Arbitration Panelist List" and click on the arbitrator's name. To view the arbitrators by subject matter, click on "Judicial Arbitration Panelists by Subject Matter.")

⊕     After the arbitration hearing is held and the arbitrator issues an award, the parties have 30 days to turn down/reject the award by filing a Trial de Novo (unless they have stipulated that the award would be binding).

⊕     If the parties reject the award and request a Trial de Novo, the Court will send out notices to the parties of the Mandatory Settlement Conference date and the trial date.

⊕     Following your arbitration hearing, you will also receive an evaluation form to be filled out and returned to the Arbitration Administrator.

**For more information, visit the court website at www.sanmateocourt.org/adr
or contact Judicial Arbitration: 400 County Center, Redwood City, CA 94063.
Phone: (650) 599-1070 or (650) 599-1073 and Fax: (650) 599-1754**

Appropriate Dispute Resolution Information Sheet

Form adapted for Mandatory Use [CA Rule of Court §3.221] Local Court Form ADR-CV-8 [Sept. 2010, Revised Jan. 2015] www.sanmateocourt.org

| Attorney or Party without Attorney (Name, Address, Telephone, Fax, State Bar membership number): | Court Use Only |
|---|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN MATEO<br>Hall of Justice and Records<br>400 County Center<br>Redwood City, CA 94063-1655   (650) 363-4711 | |
| Plaintiff(s): | Case number: |
| Defendant(s): | Current CMC Date: |

## STIPULATION AND ORDER TO APPROPRIATE DISPUTE RESOLUTION

Plaintiff will file this stipulation with the Clerk's Office 10 days prior to or 3 weeks following the first Case Management Conference unless directed otherwise by the Court and ADR Director [*Local Rule 2.3(i)(3)*].  Please attach a Service List.

The parties hereby stipulate that all claims in this action shall be submitted to (select one):

- ☐ Voluntary Mediation
- ☐ Neutral Evaluation
- ☐ Non-Binding Judicial Arbitration CCP 1141.12

- ☐ Binding Arbitration (private)
- ☐ Settlement Conference (private)
- ☐ Summary Jury Trial   ☐ Other: _____

Case Type: _____

Neutral's name and telephone number: _____Date of session: _____

(Required for continuance of CMC except for non-binding judicial arbitration)
Identify by name the parties to attend ADR session: _____

Original Signatures

Type or print name of ☐Party without attorney ☐Attorney for
☐Plaintiff/Petitioner ☐Defendant/Respondent/Contestant

(Signature)
Attorney or Party without attorney

Type or print name of ☐Party without attorney ☐Attorney for
☐Plaintiff/Petitioner ☐Defendant/Respondent/Contestant

(Signature)
Attorney or Party without attorney

Type or print name of ☐Party without attorney ☐Attorney for
☐Plaintiff/Petitioner ☐Defendant/Respondent/Contestant

(Signature)
Attorney or Party without attorney

Type or print name of ☐Party without attorney ☐Attorney for
☐Plaintiff/Petitioner ☐Defendant/Respondent/Contestant

(Signature)
Attorney or Party without attorney

## IT IS SO ORDERED:

Date: _____

_____
Judge of the Superior Court of San Mateo County

Stipulation Form 2004, rev. 2012

## ADR Stipulation and Evaluation Instructions

In accordance with *Local Rule 2.3(i)(3)*, all parties going to ADR must complete a Stipulation and Order to ADR and file it with the Clerk of the Superior Court. The Office of the Clerk is located at:

Clerk of the Superior Court, Civil Division
Attention: Case Management Conference Clerk
Superior Court of California, County of San Mateo
400 County Center
Redwood City, CA 94063-1655

There is no filing fee for filing the stipulation. An incomplete stipulation will be returned to the parties by the Clerk's Office. All stipulations must include the following:

❑   Original signatures for all attorneys (and/or parties in pro per);
❑   The name of the neutral;
❑   Date of the ADR session; and
❑   Service List (Counsel need not serve the stipulation on parties).

Parties mutually agree on a neutral and schedule ADR sessions directly with the neutral. If parties would like a copy of the court's Civil ADR Program Panelist List and information sheets on individual panelists, they may visit the court's website at www.sanmateocourt.org/adr.

### If Filing the Stipulation Prior to an Initial Case Management Conference
To stipulate to ADR prior to the initial case management conference, parties must file a completed stipulation at least 10 days before the scheduled case management conference. The clerk will send notice of a new case management conference date approximately 90 days from the current date to allow time for the ADR process to be completed.

### If Filing Stipulation Following a Case Management Conference
When parties come to an agreement at a case management conference to utilize ADR, they have 21 days from the date of the case management conference to file a Stipulation and Order to ADR with the court [*Local Rule 2.3(i)(3)*].

### Post-ADR Session Evaluations
*Local Rule 2.3(i)(5)* requires submission of post-ADR session evaluations within 10 days of completion of the ADR process. Evaluations are to be filled out by both attorneys and clients. A copy of the Evaluation By Attorneys and Client Evaluation are attached to the Civil ADR Program Panelist List or can be downloaded from the court's web site.

### Non-Binding Judicial Arbitration
Names and dates are not needed for stipulations to judicial arbitration. The Judicial Arbitration Administrator will send a list of names to parties once a stipulation has been submitted.

For further information regarding San Mateo Superior Court's Civil ADR and Judicial Arbitration Programs, visit the Court's website at www.sanmateocourt.org/adr or contact the ADR offices at (650) 599-1070 or (650)599-1073.

Superior Court of California, County of San Mateo

## CHAPTER 2. CIVIL TRIAL COURT MANAGEMENT RULES
## PART 1. MANAGEMENT DUTIES

### Rule 2.2 Trial Court Management

Reference CRC, rules 3.700, 3.710-3.713, 10.900, 10.901

(Adopted, effective January 1, 2000) (Amended, effective January 1, 2007)

### PART 2. CASEFLOW MANAGEMENT

### Rule 2.3 New Case Management

This rule applies to all civil cases with the exception of the following: (1) juvenile court matters; (2) probate matters; (3) family law matters; and (4) civil cases which, based on subject matter, have been assigned to a judge, or to more than one judge, for all purposes. For rules applicable to these exceptions, see CRC 2.20, 2.30, 2.570-2.573, 2.585, 2.810-2.819, 2.830-2.834, 3.650, 3.700-3.735, 3.920-3.927, 3.1370, 3.1380-3.1385, 3.1590-3.1591, 3.1806, 5.590, 10.900-10.901, 10.910, 10.950-10.953.

(a)     Purposes and Goals

The purposes and goals of the San Mateo Superior Court Civil Case Management System effective January 1, 1992 are:

(1)     To manage fairly and efficiently, from commencement to disposition, the processing of civil litigation.

(2)     To prepare the bench and bar for full implementation of the Trial Court Delay Reduction Act (A.B. 3820) on July 1, 1992; and

(3)     To encourage parties to agree to informal discovery early in the life of the case, to use standard form interrogatories and to promote alternative dispute resolution. Nothing in these rules is intended to prevent the parties from stipulating to an earlier intervention by the court by way of a case management conference, settlement conference or any other intervention that seems appropriate.

(4)     In accordance with Sections 3.710-3.715, 10.900, 10.901 of the California Rules of Court, Local Rule 2.3 is adopted to advance the goals of Section 68603 of the Government Code and Section 2.1 of the Standards of Judicial Administration recommended by the Judicial Council.

(b)     Team concept

Beginning January 1, 1994 civil litigation will be managed primarily by a team of two program judges.

The clerk will assign the case to a program judge at the time the complaint is filed. The case shall be managed by the assigned program judge until disposition or until the case is assigned to a trial department.

Superior Court of California, County of San Mateo

(c)     Cases filed after July 1, 1992

Upon the filing of a complaint after July 1, 1992, the case shall be subject to all of the civil case management system rules set forth below. Cases filed before July 1, 1992 shall also be subject to these rules except for subsection (d) (Filing and service of pleadings; exceptions):

(d)     Filing and service of pleadings; exceptions.

(1)     Complaint: Except as provided in paragraph 5 below, plaintiff shall within 60 days after filing of the complaint serve the complaint on each defendant along with:

(A)     A blank copy of the Judicial Council Case Management Statement;

(B)     A copy of Local Rule 2.3;

(C)     The Notice of Case Management Conference.

If a matter has been submitted to arbitration pursuant to uninsured motorist insurance, the plaintiff shall file a notice to that effect with the court at the time of filing the complaint, or at the time the matter is submitted. The notice shall include the name, address and telephone number of the insurance company, along with the claim number or other designation under which the matter is being processed.

(2)     Cross-complaint: Except as provided in paragraph (5) below, each defendant shall within 30 days after answering the complaint file any cross-complaint (within 50 days if compliance with a governmental claims statute is a prerequisite to the cross-complaint) not already served with the answer under Code of Civil Procedure section 428.50 and serve with that cross-complaint:

(A)     A blank copy of the Judicial Council Case Management Statement;

(B)     A copy of Local Rule 2.3;

(C)     The Notice of Case Management Conference.

(3)     Responsive pleadings: Except as provided in paragraph 5 below, each party served with a complaint or cross-complaint shall file and serve a response within 30 days after service. The parties may by written agreement stipulate to one 15-day extension to respond to a complaint or cross-complaint.

If the responsive pleading is a demurrer, motion to strike, motion to quash service of process, motion for a change of venue or a motion to stay or dismiss the case on forum non conveniens grounds, and the demurrer is overruled or the motion denied, a further responsive pleading shall be filed within 10 days following notice of the ruling unless otherwise ordered. If a demurrer is sustained or a motion to strike is granted with leave to amend, an amended complaint shall be filed within 10 days following notice of the ruling unless otherwise ordered. The court may fix a time for filing pleadings responsive to such amended complaint.

(4)     Proofs of service: Proofs of service must be filed at least 10 calendar days before the case management conference.

(5)     Exceptions for longer periods of time to serve or respond:

(A)     Time to serve may be extended for good cause: Upon ex parte application to the court, in compliance with California Rules of Court 3.1200 –3.1206, within 60 days of the date the complaint was filed, plaintiff may obtain an extension of time to serve to a

Superior Court of California, County of San Mateo

date on or before the case management conference, if good cause is shown by declaration of counsel (or plaintiff filing in propria persona). An additional extension of the time to serve (an initial extension if the application is by a cross-complainant) may be obtained upon written application to the court upon good cause shown before the prior extension has expired. The filing of a timely application for an extension will automatically extend the time to serve by five days, whether or not the application is granted.

Good cause will be found if the declaration shows that the action is filed against a defendant who is an uninsured motorist, and the plaintiff's claim is subject to an arbitration provision in plaintiff's contract of insurance. In determining good cause in other cases, the court will give due consideration to any standards, procedures and policies which have been developed in consultation with the bar of the county through the bench-bar trial court delay committee.

(B)     Additional extension of time if uninsured motorist arbitration is pending.  In addition to any extension of time obtained pursuant to subsection (5)(A) above, if an uninsured motorist arbitration is still pending between plaintiff and plaintiff's insurance carrier 30 days prior to the expiration of the extension, plaintiff may obtain an additional extension of time by an ex parte application supported by a declaration showing the scheduled or anticipated date of the arbitration hearing and the diligence of plaintiff in pursuing arbitration.

(C)     Time to respond may be extended for good cause:  Before the time to respond has expired, any party served with a complaint or cross-complaint may, with notice to all other parties in the action, make ex parte application to the court upon good cause shown for an extension of time to respond. The filing of a timely application for an extension will automatically extend the time to respond by five days, whether or not the application is granted.

(c)     Case management conference

(1)     Date of conference:  Unless the parties stipulate in writing and the court orders that the case be earlier referred to arbitration, a case management conference will be set by the clerk at the time the complaint is filed. (Government Code 68616)

(2)     Attendance at the case management conference is mandatory for all parties or their attorneys of record.

(3)     Plaintiff must serve the Notice of Case Management on all parties no later than 30 calendar days before the conference, unless otherwise ordered by the Court.

(4)     The Court will deem the case to be at-issue at the time of the conference (Reference: CRC 3.714(a)) absent a showing of extraordinary circumstances.

(5)     The conference may be set at an earlier date by order of the Court or by written stipulation of the parties.

(6)     Designation of trial counsel:  Trial counsel and, except for good cause shown, back-up trial counsel, must be specified at the case management conference. If such counsel is not specified, relief from the scheduled trial date may not be obtained based upon the ground that counsel is engaged elsewhere.

Superior Court of California, County of San Mateo

(7)     Conference orders:  At the initial conference, the program judge will make appropriate pre-trial orders that may include the following:

      (A)     An order referring the case to arbitration, mediation or other dispute resolution process;

      (B)     An order transferring the case to the limited jurisdiction of the superior court;

      (C)     An order assigning a trial date;

      (D)     An order identifying the case as one which may be protracted and determining what special administrative and judicial attention may be appropriate, including special assignment;

      (E)     An order identifying the case as one which may be amenable to early settlement or other alternative disposition technique;

      (F)     An order of discovery; including but not limited to establishing a discovery schedule, assignment to a discovery referee, and/or establishing a discovery cut-off date;

      (G)     An order scheduling the exchange of expert witness information;

      (H)     An order assigning a mandatory settlement conference date pursuant to Local Rule 2.3(k) and 2.4; and

      (I)     Other orders to achieve the interests of justice and the timely disposition of the case.

(8)     CourtCall Telephonic Appearances

      (A)     Reference CRC, Rule 3.670

      (B)     Procedure.  Telephonic appearances through the use of CourtCall, an independent vendor, are permitted at case management conference hearings.  A party wishing to make a telephone appearance must serve and file a Request for Telephone Appearance Form with CourtCall not less than five court days prior to the case management conference hearing.  Copies of the Request for CourtCall Appearance form and accompanying information sheet are available in the Clerk's office.  There is a fee to parties for each CourtCall appearance and fees are paid directly to CourtCall.  CourtCall will fax confirmation of the request to parties.

      (C)     On the day of the case management conference hearing, counsel and parties appearing by CourtCall must check-in five minutes prior to the hearing.  Check-in is accomplished by dialing the courtroom's dedicated toll-free teleconference number and access code that will be provided by CourtCall in the confirmation.  Any attorney or party calling after the check-in period shall be considered late for the hearing and shall be treated in the same manner as if the person had personally appeared late for the hearing.

      (D)     At a case management conference, parties may be referred to an appropriate dispute resolution ("ADR") process (e.g., mediation, binding arbitration or neutral evaluation).  If parties are referred ADR, they must redial the dedicated toll-free teleconference number immediately following their case management conference appearance and use a second CourtCall access code to telephonically appear at the ADR referral meeting with ADR staff.  If a case has been referred to ADR, a party's case management conference appearance is not complete until they have also telephonically

Superior Court of California, County of San Mateo

appeared at the mandatory ADR referral. If parties are referred to judicial arbitration, they do not have to appear at the ADR referral.

(f)  Case Management Statement

At least 15 calendar days before the scheduled case management conference, each party shall file with the court and serve on all other parties a completed Judicial Council Case Management Statement. If the case is set for further case management conference hearing(s), all parties must file updated Case Management Statements 15 (fifteen) calendar days prior to the scheduled hearings(s).

(g)  Appropriate Dispute Resolution, ADR, Policy Statement

The Court finds it is in the best interests of parties to litigation to participate in appropriate dispute resolution procedures, including but not limited to mediation, neutral evaluation, private or judicial arbitration, voluntary settlement conferences, and the use of special masters and referees. Therefore, all parties shall stipulate to, or be referred to, an appropriate form of dispute resolution before being set for trial, unless there is good cause to dispense with this requirement. Parties are encouraged to stipulate to judicial arbitration or ADR prior to the case management conference.

(h)  Stipulations to Arbitration

(1)  If the case is at issue, and all counsel and each party appearing in propia persona stipulate in writing to judicial arbitration prior to the case management conference, discovery will remain open following judicial arbitration. A written stipulation to judicial arbitration must be filed with the clerk and a copy immediately sent to the Master Calendar Coordinator at least 10 calendar days before the case management conference in order to avoid the need to appear at that conference. A written stipulation to arbitrate will be deemed to be without a limit as to the amount of the award unless it expressly states otherwise.

(2)  It is the policy of this court to make every effort to process cases in a timely manner. Parties who elect or are ordered by the court to judicial arbitration must complete the arbitration hearing within the time frame specified by the court.

Parties who wish to continue the arbitration hearing after the jurisdictional time frame must submit a court provided form entitled "*Ex Parte Motion and Stipulation for continuance of Judicial Arbitration Hearing.*" Parties can obtain a copy of the form by contacting the court's judicial arbitration administrator [See Local Rule 10.1(d)(1)]. Continuances without adequate grounds will not be considered. A case management judge will either grant or deny the request for continuance. If the request is denied, the case may be assigned a trial date. If the request is granted, the judge will impose a new deadline by which the arbitration must be completed.

(3)  Parties who wish to change their election from judicial arbitration to another form of ADR must file a "Stipulation and [Proposed] Order to [Mediation, Neutral Evaluation, etc.] in Lieu of [Court-Ordered] Judicial Arbitration" with the Clerk of the Court. The Stipulation must state that parties have: (i) notified both the judicial arbitration and ADR coordinators; (ii) cancelled the judicial arbitration hearing; (iii) scheduled the ADR session within five months of the previously scheduled judicial arbitration hearing; and (iv) stipulated to a trial date, which is not more than six months from the previously scheduled judicial arbitration hearing.

(i)  Stipulations to Private ADR

Superior Court of California, County of San Mateo

(1)  If a case is at issue and all counsel and each party appearing in propria persona stipulate in writing to ADR and file a completed Stipulation and Order to ADR with the clerk of the court at least ten (10) calendar days before the first scheduled case management conference, that conference shall be continued 90 days.  The court shall notify all parties of the continued case management conference.

(2)  If counsel and each party appearing in propria persona are unable to agree upon an appropriate ADR process, they shall appear at the case management conference.

(3)  Following an appearance at a case management conference hearing, parties shall, within 21 calendar days , file a completed Stipulation to ADR and Proposed Order identifying the name of the ADR provider, date of ADR session and the names of those who will be in attendance at the ADR session.  The completed Stipulation to ADR and Proposed Order shall be filed with the court by plaintiff's counsel.  The parties, through counsel, if represented, shall confer with the court's Multi-Option ADR Project (M.A.P.) staff if they cannot agree on a provider.  Plaintiff's counsel, shall additionally, send a copy of the completed Stipulation to the court's M.A.P. offices within the same 21-day period.

(4)  All parties and counsel shall participate in the ADR process in good faith.

(5)  To maintain the quality of ADR services the court requires cooperation from all parties, counsel and ADR providers in completing ADR evaluation forms, and returning these forms to the M.A.P. offices within 10 calendar days of the completion of the ADR process.

(6)  ADR Program Complaint Policy  If mediation session participants have a concern about the mediation process or the conduct of a mediator affiliated with the court's program, the court encourages them to speak directly with the mediator first.  In accordance with California Rules of Court §3.865 et seq., parties may also address written complaints, referencing the specific Rule of Court allegedly violated, to the Court's Civil ADR Program Coordinator.  (For complete complaint guidelines, see court web site: www.sanmateocourt.org/adr/civil)

(7)  In accordance with the Code of Civil Procedure, section 1033.5(c)(4), the court, in its discretion, may allow the prevailing party at trial the fees and expenses of the ADR provider, unless there is a contrary agreement by the parties.

(j)  Setting Short Cause Matters

If the parties agree that the time estimated for trial is 5 hours or less prior to the conference, a written stipulation shall be filed at least 10 calendar days before the case management conference in order to avoid the need to appear at that conference and a copy immediately sent to the Master Calendar Coordinator.  In the absence of a stipulation, either party may file a motion to have the matter designated a "short cause" and set the case accordingly.  All such matters shall be presumed short cause unless the contrary is established at the hearing on the motion.

(k)  Law and Motion

All law and motion matters shall be heard by the regularly assigned Law and Motion judge.

(l)  Settlement Conferences

All cases not assigned to arbitration or some other dispute resolution mechanism will be assigned two settlement conference dates, the first of which will be at the earliest practicable date under the circumstances presented by the case, and the second within approximately two weeks prior to the assigned trial date.

Div II - Rules                              206                              Revised 1/1/2012

Superior Court of California, County of San Mateo

Cases assigned to arbitration or other form of ADR may be subjected to a settlement conference prior to the arbitration or ADR process, but will be assigned to a pre-trial settlement conference only if the arbitration/ADR procedure fails to resolve the case.

All cases which fail to resolve by the trial date will be subject to an additional settlement conference on the trial date.

*All* settlement conferences shall be subject to the requirements specified in Local Rule 2.4.

(m)    Sanctions

Sanctions pursuant to CRC 2.30 shall be imposed for any violation of the civil case management system rules. The minimum sanction imposed shall be $150.00 payable to the court; sanctions payable to the court may be larger where appropriate and will be in addition to appropriate attorney fees and calendar changes, including any appropriate change in calendar status of the action.

Sanctions mandated hereby may be waived by the judge conducting the conference only upon an application showing good cause why sanctions should not be imposed.

(Adopted, effective July 1, 1996)(Amended, effective January 1,2000) (Amended, effective January 1, 2003) (Amended effective July 1, 2003) (Amended, effective January 1, 2005)(Amended, effective January 1, 2006) (Amended, effective January 1, 2007) (Amended, effective January 1, 2010)

### Rule 2.3.1 Orders to Show Cause re: Dismissals

(a)    A hearing on an order to show cause why the case should not be dismissed for failure to prosecute the matter shall be set at the two year anniversary of the filing of the complaint and/or cross-complaint.

(b)    An order to show cause hearing shall be set 45 days after court's receipt of notice of settlement.

(c)    An order to show cause hearing regarding dismissals may be set by the court to achieve the interests of justice and the timely disposition of the case.

(d)    An order to show cause hearing re: failure to complete judicial arbitration within the court-ordered time frame may be heard during the case management calendar. Sanctions may be imposed and a trial date may be assigned.

(Adopted, effective January 1, 2000) (Amended, effective January 1, 2003)(Amended, effective January 1, 2006)

### Rule 2.4 Settlement Conference

Reference: California Rule of Court, rule 3.138.

(a)    At all settlement conferences, notwithstanding any other Rule:

(1)    The attorney who will try the case or an informed associate with full authority to negotiate a settlement of the case shall personally attend.

(2)    Any persons whose consent is required to authorize settlement shall personally attend; those parties that are corporations shall have in attendance an officer or other employee with authority to bind the corporation. Powers of attorney, oral or written, granting counsel settlement authority are unacceptable as a substitute for personal attendance at this conference. Defendant and cross-defendant shall personally attend if there is no insurance coverage, if there is an

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|

TELEPHONE NO.:                    FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF**
STREET ADDRESS:
MAILING ADDRESS:
CITY AND ZIP CODE:
BRANCH NAME:

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| CASE MANAGEMENT STATEMENT | CASE NUMBER: |
|---|---|
| (Check one):  ☐ UNLIMITED CASE  (Amount demanded exceeds $25,000)  ☐ LIMITED CASE  (Amount demanded is $25,000 or less) | |

A CASE MANAGEMENT CONFERENCE is scheduled as follows:
Date:                    Time:              Dept.:         Div.:         Room:
Address of court (if different from the address above):

☐ Notice of Intent to Appear by Telephone, by (name):

INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.

1. Party or parties (answer one):
   a. ☐ This statement is submitted by party (name):
   b. ☐ This statement is submitted jointly by parties (names):

2. Complaint and cross-complaint (to be answered by plaintiffs and cross-complainants only)
   a. The complaint was filed on (date):
   b. ☐ The cross-complaint, if any, was filed on (date):

3. Service (to be answered by plaintiffs and cross-complainants only)
   a. ☐ All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. ☐ The following parties named in the complaint or cross-complaint
      (1) ☐ have not been served (specify names and explain why not):
      (2) ☐ have been served but have not appeared and have not been dismissed (specify names):
      (3) ☐ have had a default entered against them (specify names):
   c. ☐ The following additional parties may be added (specify names, nature of involvement in case, and date by which they may be served):

4. Description of case
   a. Type of case in ☐ complaint ☐ cross-complaint (Describe, including causes of action):

Form Adopted by Mandatory Use
Judicial Council of California
CM-110 [Rev. July 1, 2011]        CASE MANAGEMENT STATEMENT        Page 1 of 5
Cal. Rules of Court,
rules 3.720–3.730
www.courts.ca.gov

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

4. b. Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date (indicate source and amount), estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

☐ *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5. **Jury or nonjury trial**
   The party or parties request ☐ a jury trial ☐ a nonjury trial. *(If more than one party, provide the name of each party requesting a jury trial):*

6. **Trial date**
   a. ☐ The trial has been set for *(date):*
   b. ☐ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*
   c. Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7. **Estimated length of trial**
   The party or parties estimate that the trial will take *(check one):*
   a. ☐ days *(specify number):*
   b. ☐ hours (short causes) *(specify):*

8. **Trial representation** *(to be answered for each party)*
   The party or parties will be represented at trial ☐ by the attorney or party listed in the caption ☐ by the following:
   a. Attorney:
   b. Firm:
   c. Address:
   d. Telephone number:
   e. E-mail address:
   f. Fax number:
   g. Party represented:
   ☐ Additional representation is described in Attachment 8.

9. **Preference**
   ☐ This case is entitled to preference *(specify code section):*

10. **Alternative dispute resolution (ADR)**
    a. ADR information package. Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 for information about the processes available through the court and community programs in this case.
       (1) For parties represented by counsel: Counsel ☐ has ☐ has not provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.
       (2) For self-represented parties: Party ☐ has ☐ has not reviewed the ADR information package identified in rule 3.221.
    b. Referral to judicial arbitration or civil action mediation *(if available).*
       (1) ☐ This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.
       (2) ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.
       (3) ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*

| | | CM-110 |
|---|---|---|
| PLAINTIFF/PETITIONER: | | CASE NUMBER: |
| DEFENDANT/RESPONDENT: | | |

10. c. Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in *(check all that apply and provide the specified information)*:

| | The party or parties completing this form are willing to participate in the following ADR processes *(check all that apply)*: | If the party or parties completing this form in the case have agreed to participate in or have already completed an ADR process or processes, indicate the status of the processes *(attach a copy of the parties' ADR stipulation)*: |
|---|---|---|
| (1) Mediation | ☐ | ☐ Mediation session not yet scheduled<br>☐ Mediation session scheduled for *(date)*:<br>☐ Agreed to complete mediation by *(date)*:<br>☐ Mediation completed on *(date)*: |
| (2) Settlement conference | ☐ | ☐ Settlement conference not yet scheduled<br>☐ Settlement conference scheduled for *(date)*:<br>☐ Agreed to complete settlement conference by *(date)*:<br>☐ Settlement conference completed on *(date)*: |
| (3) Neutral evaluation | ☐ | ☐ Neutral evaluation not yet scheduled<br>☐ Neutral evaluation scheduled for *(date)*:<br>☐ Agreed to complete neutral evaluation by *(date)*:<br>☐ Neutral evaluation completed on *(date)*: |
| (4) Nonbinding judicial arbitration | ☐ | ☐ Judicial arbitration not yet scheduled<br>☐ Judicial arbitration scheduled for *(date)*:<br>☐ Agreed to complete judicial arbitration by *(date)*:<br>☐ Judicial arbitration completed on *(date)*: |
| (5) Binding private arbitration | ☐ | ☐ Private arbitration not yet scheduled<br>☐ Private arbitration scheduled for *(date)*:<br>☐ Agreed to complete private arbitration by *(date)*:<br>☐ Private arbitration completed on *(date)*: |
| (6) Other *(specify)*: | ☐ | ☐ ADR session not yet scheduled<br>☐ ADR session scheduled for *(date)*:<br>☐ Agreed to complete ADR session by *(date)*:<br>☐ ADR completed on *(date)*: |

CM-110 [Rev. July 1, 2011]

**CASE MANAGEMENT STATEMENT**

Page 3 of 5

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

**11. Insurance**
   a. ☐ Insurance carrier, if any, for party filing this statement *(name):*
   b. Reservation of rights: ☐ Yes ☐ No
   c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

**12. Jurisdiction**
   Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.
   ☐ Bankruptcy ☐ Other *(specify):*
   Status:

**13. Related cases, consolidation, and coordination**
   a. ☐ There are companion, underlying, or related cases.
      (1) Name of case:
      (2) Name of court:
      (3) Case number:
      (4) Status:
   ☐ Additional cases are described in Attachment 13a.
   b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party):*

**14. Bifurcation**
   ☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

**15. Other motions**
   ☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*

**16. Discovery**
   a. ☐ The party or parties have completed all discovery.
   b. ☐ The following discovery will be completed by the date specified *(describe all anticipated discovery):*

| Party | Description | Date |
|---|---|---|
| | | |

   c. ☐ The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify):*

**CASE MANAGEMENT STATEMENT**

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

**17. Economic litigation**

　　a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

　　b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

**18. Other issues**

　　☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

**19. Meet and confer**

　　a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

　　b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

**20. Total number of pages attached** *(if any):* _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date: _____

_____　　　　　　　　　▶ _____
(TYPE OR PRINT NAME)　　　　　　　　　　　　(SIGNATURE OF PARTY OR ATTORNEY)

_____　　　　　　　　　▶ _____
(TYPE OR PRINT NAME)　　　　　　　　　　　　(SIGNATURE OF PARTY OR ATTORNEY)

　　　　　　　　　　　　　　　　　　　　　　☐ Additional signatures are attached.

# FREQUENTLY ASKED QUESTIONS
## FOR ATTORNEYS AND PARTIES

### Nonrefundable Jury Fee
### (Assem. Bill 1481 (2011-2012 Reg. Sess.))
### Effective September 17, 2012

| 1.1 | Q. What is the nonrefundable jury fee? | A: At least one party demanding a jury on each side of a civil case must pay a non-refundable fee of one hundred fifty dollars ($150), unless the fee has been paid by another party on the same side of the case. (Code Civ. Proc., § 631(b).) ).) If there are multiple plaintiffs and/or defendants in the same case, only one jury fee per side is *required* to avoid waiver of a jury under Code of Civil Procedure section 631(f). |
|---|---|---|
| 1.2 | Q: What are the deadlines for paying the nonrefundable jury fee? | A: The nonrefundable jury fee must be paid on or before the date scheduled for the initial case management conference in the action, except as follows: |

For question 1.2, the answer continues:

1. In unlawful detainer actions the fees shall be due at least five days before the date set for trial.

2. If no case management conference is scheduled in a civil action, or the initial case management conference occurred before June 28, 2012 and the initial complaint was filed *after* July 1, 2011, the fee shall be due no later than 365 calendar days after the filing of the initial complaint.

3. If the initial case management conference was held before June 28, 2012 and the initial complaint in the case was filed *before* July 1, 2011, the fee shall be due at least 25 calendar days before the date initially set for trial.

4. If the party requesting a jury has not appeared before the initial case management conference, or first appeared more than 365 calendar days after the filing of the initial complaint, the fee shall be due at least 25 calendar days before the date initially set for trial. (Code Civ. Proc., § 631(c).)

| 1.3 | **Q:** What if a party misses the deadline to pay the nonrefundable jury fee? | **A:** Except under the circumstances provided in Code of Civil Procedure section 631(d), (discussed in FAQ 1.4), a party has waived the right to a trial by jury in that action, unless another party on the same side of the case timely paid the nonrefundable jury fee. (Code Civ. Proc., § 631(f)(5).)<br><br>Note: The court may, in its discretion upon just terms, allow a trial by jury despite the waiver. (Code Civ. Proc., § 631(g).) |
|-----|-----|-----|
| 1.4 | **Q:** What if a party missed a deadline to pay the nonrefundable jury fee between June 27, 2012 and November 30, 2012? | **A:** If a party failed to timely pay a nonrefundable jury fee that was due between June 27, 2012, and November 30, 2012, inclusive, the party will be relieved of a jury waiver on that basis only, if the party pays the fee on or before December 31, 2012 or 25 calendar days before the date initially set for trial, whichever is earlier. (Code Civ. Proc., § 631(d).) |
| 1.5 | **Q:** May a clerk accept payment of a nonrefundable jury fee after the deadline has passed? | **A:** There is nothing in the recent amendments to Code of Civil Procedure section 631 that directs or authorizes courts to refuse a late payment of the nonrefundable jury fee. Absent this direction or authority, the clerk likely should accept advance jury fees tendered by a party, provide a receipt, and record in the court file the date the fees were received. (See *People v. Funches* (1998) 67 Cal.App.4th 240, 244 [court clerks "must act in strict conformity with statutes, rules, or orders of the court" defining their duties, and have "no power to decide questions of law nor any discretion in performing" their duties.])<br><br>Note: Except as provided in Code of Civil Procedure section 631(d), only a judge has the authority to grant a jury trial following a waiver. |
| 1.6 | **Q:** Is payment of the nonrefundable jury fee required if the party does not want to retain the right to a jury in the action? | **A:** No. Only parties that want to retain the right to a jury must pay the nonrefundable jury fees. |
| 1.7 | **Q:** May the nonrefundable jury fee be waived because of a party's financial condition? | **A:** Yes. A court may (but is not required to) waive jury fees and expenses, and other fees or expenses itemized in an application for a fee waiver under rule 3.56(1) and (6) of the California Rules of Court. |

| 1.8 | Q: May the court waive the nonrefundable jury fee for government entities under Government Code section 6103? | A: No. Government Code section 6103 explicitly states: "This section does not apply to civil jury fees or civil jury deposits." Although this exception to the fee waiver for government entities predates the creation of the nonrefundable jury fee, the plain language of the exception applies to the nonrefundable jury fee. |
| --- | --- | --- |
| 1.9 | Q: If more than one party on a side pays the nonrefundable jury fee, is any refund of the additional fee due? | A: No. Code of Civil Procedure 631(b) requires "*at least one* party demanding a jury on each side" to pay the nonrefundable jury fee, "unless the fee has been paid by another party on the same side of the case." (Emphasis added.) In addition, Code of Civil Procedure section 631.3, which governs refunds of jury fees states in subdivision (c) that the "fee described in subdivision (b) of Section 631 shall be nonrefundable and is not subject to this section. Therefore, although they are not required to pay the jury fee, if additional parties on a side pay the nonrefundable jury fee, that fee is still nonrefundable. The additional fee may not be used to offset actual juror fees or mileage, either. |
| 1.10 | Q: Are any jury fees refundable? | A: Yes. Any $150 advance jury fee deposited *before* June 28, 2012 may be refunded upon request of a party as provided under Code of Civil Procedure section 631.3. Similarly, any jury fees other than the $150 advance jury fees that are deposited, but not used, may be refunded upon request of a party as provided under Code of Civil Procedure section 631.3. |

# nonviolent crisis intervention
a CPI specialized offering

For CPI Internal Use Only  8 6 2 1 1 5

# Program Information Form

Today's Date  5 / 28 / 14
Month  Day  Year

Please check the training program you are attending:
□ One-Day Seminar   □ Two-Day Workshop   □ Refresher Course   □ Three-Day Renewal Program
□ Recertification Course   □ Four-Day Instructor Certification   ☒ Other ___APT___

## Participant/Base of Employment Information (please do not use abbreviations or acronyms)

Marissa _____ K _____ Nypl
Mr / Ms / Mrs / Dr   First Name   Middle Initial   Last Name

Licensed Psychiatric Technician
Title

Butte County Behavioral Health
Organization Name/Base of Employment

592 Rio Lindo Ave   Chico   CA   95926   US
Work Address   City   State/Province   Zip/Postal Code   Country

530-891-2775   530-895-6547
Work Phone   Work Fax

mnypl@buttecounty.net
Work Email Address

My Base of Employment is a subsidiary or division of (if applicable)

## Home Information

P.O. Box 1952   Paradise   CA   95967
Home Address   City   State/Province   Zip/Postal Code

530-872-1251
Home Phone   Home Fax

namask1391@sbcglobal.net
Home Email

Please send all notices and updates to my:   ☒ Base of Employment   □ Home

At times, we announce program information, send special offers on training materials, and advertise by fax. By providing us your fax number, you agree to receive these communications via fax from CPI.

## Organization Leader Information

Mr / Ms / Mrs / Dr   First Name   Last Name

Title   Phone

Email Address

Mailing Address (if different than above)

## Payment Information

□ Purchase Ordered Enclosed  PO#_____   □ Check Enclosed  Check#_____
□ Bill my Organization (I am authorized to purchase)
□ Credit Card   □ Personal   □ Corporate   □ VISA   □ MasterCard   □ DISCOVER   □ American Express

Please note, Full registration fee is due and payable prior to the start of the program

Card#   Exp Date   Name on Card   Signature
Canadian Customers: If paying by credit card, charge may vary due to exchange rates.

White = CPI Copy   Yellow = Participant Copy

# Please Read Carefully

## All Participants

### Due Care Guidelines

I understand that the goal of the *Nonviolent Crisis Intervention®* program is to provide the best *Care, Welfare, Safety, and Security℠*, at any given moment, to the individuals in my charge I further understand that the program has been designed to provide the same *Care, Welfare, Safety, and Security℠* to me

To maximize safety in the classroom setting, it is important that I, as a participant, understand and adhere to the program's Due Care guidelines as detailed in the Participant Workbook.

### Physical Capability Statement

As a participant, I understand that it is my responsibility to be aware of, and understand, the physical requirements of any CPI training course that I attend.

I realize that certain CPI training programs require all participants to engage in extensive practice of physical intervention skills. These programs may include exercises that involve repetitive drills that include

- Frequent stretching, kneeling, and bending
- Extended periods of standing
- Moving from kneeling positions to standing positions
- Multiple, repeated movements requiring good stamina and strength.
- Real-time simulation of physical activity requiring a high degree of exertion and coordination

I understand the physical requirements needed to safely participate in this CPI program, and I attest that my physical condition and abilities are such that they will not interfere with my safe participation in the program. I have sought necessary medical advice relating to any physical or medical conditions or limitations that may affect my ability to safely participate in this program and have made an informed decision to register and participate in this course

### Release and Waiver

In consideration of CPI's acceptance of my registration for, and my participation in, this CPI training program, I, personally and on behalf of my heirs and executors, waive and release any and all claims and causes of action which I may have or acquire against CPI, its successors, assigns, and all other persons, firms, corporations, associations, or partnerships associated with them, from any and all liability related to any loss, damage, or injury (including death), sustained by me, whether known or unknown, resulting or to result from my participation in the training program.

It is my desire that in addition to a Release of All Claims, this document shall be deemed to be a Covenant Not to Sue CPI successors, assigns, and all other persons, firms, corporations, associations, or partnerships associated with them, on account of any damage or injury of whatever nature incurred by me as a result of my participation in the training program

**I have read and agree to the safety information above. I have read and agree to the terms of the Certification Agreement to the right (pertaining to Certified Instructors only).**

[signature]

Signature

3/28/14

Date

## Certified Instructors Only

### About Instructor Certification

As a Certified Instructor, you are joining thousands of human service professionals around the world who teach the *Nonviolent Crisis Intervention®* program Earning and maintaining your certification authorizes you to teach the *Nonviolent Crisis Intervention®* program to staff within your Base of Employment as defined in your Instructor Manual Your certification also initiates your membership in the CPI Instructor Association and entitles you to all Association support and benefits. Please visit **crisisprevention.com** for more information

### Certification Agreement

As a Certified Instructor, I affirm that:

1. I agree to abide by the Instructor Standards, Policies, and Procedures of CPI
2. I pledge myself to high standards of ethical practice
3. I understand that I am authorized to teach only within my Base of Employment
4. I understand that fees are not to be generated from the use of CPI's programs
5. I will notify CPI in the event of a move from one Base of Employment to another
6. I will not hold myself out as being in any way affiliated as an employee or agent of CPI
7. I will not alter or reproduce any printed or visual materials originating with CPI without its express written consent, and understand that CPI's program must remain intact to preserve its integrity and effectiveness
8. I will use the material and information provided to me by CPI for the purpose of teaching within my Base of Employment and for no other purpose, nor will I aid or assist any other person in the use or reproduction of such materials and information for any other purpose.
9. I agree to not use CPI's name and Marks ("CPI®" and "*Nonviolent Crisis Intervention®*") in any manner which may reflect adversely upon CPI's name and goodwill, and agree that the materials and activities on and in connection with which CPI's Marks are used will be of a quality consistent with the goal of promoting the *Nonviolent Crisis Intervention®* crisis management method taught by CPI.
10. I agree to keep CPI advised of the manner of use of CPI's Marks, and if necessary to provide CPI with samples of the uses of CPI's Marks, and to work with CPI on any quality concerns that may arise
11. I understand that any intranet or interoffice postings with respect to CPI's techniques, method, and program will be solely for the purpose of training staff.
12. I understand that any Internet postings must be reviewed and approved by CPI prior to their use.
13. I understand that all materials, whether printed, visual, or digital, provided by or originating with CPI and the *Nonviolent Crisis Intervention®* method and program are copyrighted by and proprietary to CPI, and I will not use them for any purpose or in any manner other than that expressly authorized hereunder and will not copy, reproduce, publicly perform, display, or publicly distribute them nor aid anyone else in doing so, except as expressly authorized herein

cpi

10850 W Park Place, Suite 600 • Milwaukee, WI 53224
800 558 8976 • 888 758 6048 TTY
(Deaf, hard of hearing, or speech impaired)
Fax 414 979 7098 • Email info@crisisprevention com
crisisprevention com

© 2012 CPI (reprinted 2013) All rights reserved CPI® and *Nonviolent Crisis Intervention®* are registered trademarks



# *Applied Physical Training*℠
## for *Nonviolent Crisis Intervention*® Certified Instructors
## PARTICIPANT AGREEMENT

*Applied Physical Training*℠ for *Nonviolent Crisis Intervention*® Certified Instructors focuses on problem-solving aspects of managing physical aggression in emergency situations. CPI designed this training program to provide *Nonviolent Crisis Intervention*® Certified Instructors with additional tools to problem solve with staff by applying the principles and dynamics of *Nonviolent Physical Crisis Intervention*℠ to emergency situations.

Certified Instructors participating in *Applied Physical Training*℠ learn various applications of the principles taught through the CPI Classroom Models taught in the *Nonviolent Crisis Intervention*® program, along with interim procedures to be used in emergency situations. These elements are taught within the context of a comprehensive problem-solving model in order to maximize the effectiveness and safety of *Nonviolent Physical Crisis Intervention*℠ techniques, while minimizing risks inherent in any physical intervention. In the process of incorporating information from the *Applied Physical Training*℠ program into their organizational training processes, Certified Instructors are asked to carefully review the following critical points of application and adhere to the framework outlined below

- Any physical intervention procedure involves a level of risk. Procedures taught through the CPI Classroom Models of *Nonviolent Physical Crisis Intervention*℠ are designed to minimize risks and should be practiced only as taught in the CPI Classroom Models to maximize safety and increase skill level

- Certified Instructors are responsible for assessing staff proficiency in performing *Nonviolent Physical Crisis Intervention*℠ techniques and determining the need for further staff review, practice, or training. Staff should demonstrate proficiency of *Nonviolent Physical Crisis Intervention*℠ techniques as taught through the CPI Classroom Models before exploring any adaptations for emergency situations, as explored in the *Applied Physical Training*℠ program.

- The Emergency Floor Procedures are to be considered **interim measures**; used in emergency situations only until a safer position (e.g., *Nonviolent Physical Crisis Intervention*℠ Classroom Model) can be resumed. These interim procedures are to be taught, reviewed, and monitored only by a Certified Instructor who has successfully completed the *Applied Physical Training*℠ program

- The Emergency Floor Procedures reviewed in the *Applied Physical Training*℠ program are not to be taught to staff in the basic *Nonviolent Crisis Intervention*® training program, and Certified Instructors must assess staff needs based on specific situations.

- Any use of physical intervention procedures, including interim procedures for emergency situations, should be identified in and supported by the organization's policies and procedures

Information on risk factors associated with physical interventions must be included in staff training on interim procedures for emergency situations

Certified Instructors who incorporate elements from the *Applied Physical Training*℠ program into their Training Process should put procedures in place to assess improvement in staff's use of *Nonviolent Physical Crisis Intervention*℠ techniques, as taught in CPI Classroom Models. Certified Instructors are responsible for ensuring that any adaptations or interim procedures taught are not used on a regular basis, but only in emergency situations.

*I HAVE READ THE ABOVE PARTICIPANT AGREEMENT AND AGREE TO FOLLOW THE REQUIREMENTS AND FRAMEWORK.*

Certified Instructor Name (print)  Marissa Nypl          Instructor ID number  5/30/14 onrol

Signature of Certified Instructor  Marissa Nypl          Date  5/30/14

YFORM37
14 APT-FOR-003  01/14

JS-CAND 44 (Rev. 07/16)

# CIVIL COVER SHEET

The JS-CAND 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved in its original form by the Judicial Conference of the United States in September 1974, is required for the Clerk of Court to initiate the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| **I. (a) PLAINTIFFS** | **DEFENDANTS** |
|---|---|
| Marissa Nypl and Vladimir Nypl | Crisis Prevention Institute, Inc. |

**(b)** County of Residence of First Listed Plaintiff | Butte County, CA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant | Milwaukee County, WI
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: INLAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, Email and Telephone Number)*
Joseph A. Welch
LAW OFFICES OF JOSEPH A. WELCH
828 University Avenue, Sacramento, CA 95825
Telephone: (916) 444-5501; Facsimile: (916) 920-5505
Email:

Attorneys *(If Known)*
Stephen C. Ubl
LEWIS BRISBOIS BISGAARD & SMITH LLP
333 Bush Street, Suite 1100, San Francisco, CA 94104
Telephone: (415) 362-2580; Facsimile: (415) 434-0882
Email: Stephen.Ubl@lewisbrisbois.com

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [X] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [X] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [X] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure of Property 21 USC § 881 | [ ] 422 Appeal 28 USC § 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 690 Other | [ ] 423 Withdrawal 28 USC § 157 | [ ] 376 Qui Tam (31 USC § 3729(a)) |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | | | [ ] 400 State Reapportionment |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | | **PROPERTY RIGHTS** | [ ] 410 Antitrust |
| [ ] 150 Recovery of Overpayment Of Veteran's Benefits | [ ] 330 Federal Employers' Liability | | [ ] 820 Copyrights | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 340 Marine | | [ ] 830 Patent | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans) | [ ] 345 Marine Product Liability | **LABOR** | [ ] 840 Trademark | [ ] 460 Deportation |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 710 Fair Labor Standards Act | **SOCIAL SECURITY** | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 720 Labor/Management Relations | [ ] 861 HIA (1395ff) | [ ] 480 Consumer Credit |
| [ ] 190 Other Contract | [X] 360 Other Personal Injury | [ ] 740 Railway Labor Act | [ ] 862 Black Lung (923) | [ ] 490 Cable/Sat TV |
| [ ] 195 Contract Product Liability | [ ] 362 Personal Injury - Medical Malpractice | [ ] 751 Family and Medical Leave Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 850 Securities/Commodities/ Exchange |
| [ ] 196 Franchise | **PERSONAL INJURY** | [ ] 790 Other Labor Litigation | [ ] 864 SSID Title XVI | [ ] 890 Other Statutory Actions |
| | [ ] 365 Personal Injury - Product Liability | [ ] 791 Employee Retirement Income Security Act | [ ] 865 RSI (405(g)) | [ ] 891 Agricultural Matters |
| **REAL PROPERTY** | [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **FEDERAL TAX SUITS** | [ ] 893 Environmental Matters |
| [ ] 210 Land Condemnation | [ ] 368 Asbestos Personal Injury Product Liability | | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 895 Freedom of Information Act |
| [ ] 220 Foreclosure | **PERSONAL PROPERTY** | | [ ] 871 IRS-Third Party 26 USC § 7609 | [ ] 896 Arbitration |
| [ ] 230 Rent Lease & Ejectment | [ ] 370 Other Fraud | | | [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| [ ] 240 Torts to Land | [ ] 371 Truth in Lending | | | |
| [ ] 245 Tort Product Liability | [ ] 380 Other Personal Property Damage | | | [ ] 950 Constitutionality of State Statutes |
| [ ] 290 All Other Real Property | [ ] 385 Property Damage Product Liability | | | |
| **CIVIL RIGHTS** | **PRISONER PETITIONS** | | | |
| [ ] 440 Other Civil Rights | **Habeas Corpus:** | | | |
| [ ] 441 Voting | [ ] 463 Alien Detainee | | | |
| [ ] 442 Employment | [ ] 510 Motions to Vacate Sentence | | | |
| [ ] 443 Housing/ Accommodations | [ ] 530 General | | | |
| [ ] 445 Amer. w/Disabilities Employment | [ ] 535 Death Penalty | | | |
| [ ] 446 Amer. w/Disabilities Other | **Other:** | **IMMIGRATION** | | |
| [ ] 448 Education | [ ] 540 Mandamus & Other | [ ] 462 Naturalization Application | | |
| | [ ] 550 Civil Rights | [ ] 465 Other Immigration Actions | | |
| | [ ] 555 Prison Condition | | | |
| | [ ] 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [ ] 1 Original Proceeding
- [X] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(Specify)*
- [ ] 6 Multidistrict Litigation–Transfer
- [ ] 8 Multidistrict Litigation–Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*: 28USC §§ 1332, 1441 and 1446
Brief description of cause: Plaintiff alleges she was injured during training provided by Crisis Prevention Institute

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, Fed. R. Civ. P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY *(See instructions):*
JUDGE | DOCKET NUMBER

## IX. DIVISIONAL ASSIGNMENT (Civil Local Rule 3-2)
*(Place an "X" in One Box Only)* [ ] SAN FRANCISCO/OAKLAND [ ] SAN JOSE [ ] EUREKA-MCKINLEYVILLE

DATE: August 29, 2016 SIGNATURE OF ATTORNEY OF RECORD: Stephen C. Ubl

American LegalNet, Inc.
www.FormsWorkFlow.com

4825-2150-5335.1